UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH MUNOZ, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7673** |
| **STATE FARM INSURANCE COMPANY** | **SECTION B(3)** |

### ORDER

Before the Court is Plaintiffs' Motion To Remand. (Rec. Doc. No. 3). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED.**

### *BACKGROUND*

On or about August 29, 2005, Plaintiffs' property allegedly sustained damage as a result of Hurricane Katrina. Plaintiff's State Farm Insurance Company's homeowner's insurance policy was effective on August 29, 2005.

Plaintiffs filed suit against Defendants State Farm Insurance Company ("State Farm") and Ed Shaumburg ("Schaumburg") in the 34th Judicial District Court For The Parish Of St. Bernard. Defendant State Farm removed the matter to federal court claiming diversity of citizenship jurisdiction exists pursuant to 28 U.S.C. § 1332.

Defendant contends diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties. Defendant argues Schaumburg, the sole non-diverse Defendant, is improperly joined.

Plaintiffs contend diversity of citizenship jurisdiction does not exist as the amount in controversy does not exceed $75,000.00. Further, Plaintiffs contend Schaumburg was properly joined. Therefore, Plaintiffs claim this Court lacks jurisdiction and moves the Court to remand.

## DISCUSSION

**A.  Diversity Of Citizenship**

Civil actions may be removed from state court when the United States district courts have original jurisdiction.  28 U.S.C. § 1441(a).  However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."  28 U.S.C. § 1441(b).  Furthermore, the matter in controversy must exceed "the sum or value of $75,000, exclusive of interests and costs. . . ." 28 U.S.C. § 1332.   All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

The Louisiana Code of Civil Procedure prohibits a plaintiff from specifying a monetary demand in his or her petition.  La. Code Civil Proc. Art 893(A)(1).  However, post-removal affidavits may be considered to determine the amount in controversy when the basis

2

for jurisdiction is ambiguous.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (citing *Association Nacional de Pescardores a Pequena Escala o Artesanales de Columbia v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1988)).

The amount in controversy is ambiguous.  Evidence of Plaintiffs' alleged damage is not before the Court.

Plaintiffs stipulate that the total damages sought against State Farm Insurance Company inclusive of costs, interests, attorney's fees and penalties do not exceed $75,000.00, and Plaintiffs will not seek or accept damages in excess of $75,000.00. (Rec. Doc. No. 8).  Therefore, the requirements of 28 U.S.C. § 1332 are not satisfied and diversity of citizenship jurisdiction does not exist.

Finding the requisite amount in controversy is not satisfied, the issue of improper joinder is moot.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion To Remand is **GRANTED**.

New Orleans, Louisiana this 21st day of February, 2007.

UNITED STATES DISTRICT JUDGE

3